# Supreme Court of Texas

No. 24-0884

In re Texas House of Representatives,

*Relator*

On Petition for Writ of Injunction

JUSTICE YOUNG, joined by Chief Justice Hecht and Justice Huddle, concurring in the grant of the motion for emergency relief.

All three branches of government play a role in any criminal sentence. The legislature defines crimes and authorizes punishments. The judiciary superintends trials, renders judgments, imposes sentences on those found guilty, and oversees post-conviction collateral litigation as authorized by law. The executive has the duty under the Constitution and laws to enforce sentences imposed by the courts and, subject to various limits, the authority to grant pardons and reprieves. The judiciary's role in the underlying case has been discharged. This Court has no authority over criminal sentences, but the Court of Criminal Appeals does, and that court has repeatedly considered this case. Whether it did so rightly or wrongly is a question we cannot address; the judicial process has played out.

Subsequent to that resolution in the courts, a committee of the legislature has subpoenaed an inmate subject to a sentence of death to

appear as a witness. If the sentence is carried out, the witness obviously cannot appear. An application for an injunction and a temporary restraining order were presented to the district court on behalf of two members of the legislature; the original petition also names the legislature itself as a plaintiff. The district court granted a temporary restraining order to prevent the execution so that it can review the plaintiffs' right to compel the inmate's attendance before the committee.

The underlying criminal-law matter is within the Court of Criminal Appeals' authority, but the relief sought here is civil in nature, as are the claims that have been presented to the district court. Whether the legislature may use its authority to compel the attendance of witnesses to block the executive branch's authority to enforce a sentence of death is a question of Texas civil law, not its criminal law. The question implicates the distribution of authority among the three branches of government, pitting two branches against each other. Must the executive yield if the legislature invokes its authority—that is, would proceeding with an execution in these circumstances entail the executive branch's intrusion into the broad authority of the legislative branch? Or, contrariwise, would allowing various committees of the legislature to subpoena an inmate who is subject to an impending death sentence constitute the legislative branch's intrusion into the orderly functioning of the law, risking manipulation of the judicial process and the executive function?

These questions implicate the separation of powers at a high level. Some separation-of-powers issues are not justiciable but must be resolved by the other two branches, and this may be such a case. Or it

may be justiciable, and the law may answer that one or the other of the claims of constitutional prerogative prevails. We do not have clear precedent on this question; once the question is resolved, future cases would be addressed in light of that resolution. Moreover, while this case is clearly civil in nature, determining where the line beyond which we should not go, given the Court of Criminal Appeals' distinct authority, is itself a civil question of great constitutional importance.

Accordingly, while I express no views as to the outcome of the proceedings that will answer these significant questions, the district court did not abuse its discretion in granting a TRO to prevent the case from becoming moot. If the other two branches cannot reach an accommodation on their own—and perhaps they still can—the district court may continue the litigation. In my view, the district court should proceed to the underlying merits with maximum expedition, subject to this Court's review. To be clear, dispatch is essential to avoid the litigation becoming an end in itself—a process that, if prolonged, essentially grants relief to one side whether it is warranted or not. Anything other than laser-like focus on the specific civil-law questions presented—and especially the competing authority of the legislative and executive branches in this situation—is therefore off limits. My vote is contingent on that understanding of the limited role of the litigation below.

Evan A. Young
Justice

**OPINION FILED:** October 17, 2024

3